

Jonathan S. Bodner, Esq.*
jbodner@bodnerlawpllc.com
Harry M. Gutfleish, Esq., Of Counsel*
hgutfleish@bodnerlawpllc.com
*Admitted in NY and NJ

December 9, 2019

By ECF and Overnight Mail
Honorable Karen M. Williams
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Bldg. & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

Re: Nanak Produce & Marketing, Inc. v. Southern Sun, LLC, et al.
Case No.: 18-cv-15448-JHR-KMW

Dear Judge Williams:

Please accept this correspondence in reply to the objection (the "Objection") filed by OceanFirst Bank, N.A. ("OceanFirst") to the motion filed on my behalf as the receiver for Southern Sun, LLC (the "Company") under this Court's Order of October 17, 2019 (the "Receivership Order") to make partial payment to Cozen O'Connor (the "Motion"). For the reasons set forth, the Objection should be overruled and the Motion should be granted.

This action was commenced, and my appointment directed, at the insistence of a vendor that asserts trust claims against the Company's assets under the Perishable Agricultural Commodities Act of 1934, as amended, 7 U.S.C. § 499a et seq. ("PACA"). There appear to be 17 additional vendors that may assert similar rights.

Upon my appointment, the active parties in interest, including OceanFirst, advised that the litigation handled by the Cozen firm represented a potential, significant recovery for the Company's creditors. The Cozen firm did not agree to be retained on a contingency basis and certainly not on a *pro bono* basis. As I understand it, OceanFirst's counsel communicated directly with the Cozen firm about the litigation. Thus, I am baffled by OceanFirst's opposition to the Cozen firm's continued retention to realize on the potential, significant recovery.

If, as OceanFirst argues (but has yet to demonstrate), it holds a perfected lien in the proceeds of the litigation that is superior to the trust created in favor of alleged PACA vendors,[1] why would it not want the Cozen firm to proceed? To date, OceanFirst has not answered that question. If, in fact, the proceeds of the litigation are an asset of a PACA trust superior to OceanFirst's liens, then OceanFirst can only realize on its claims once the PACA trust claims are satisfied. In either circumstance, the greater the recovery, the better for OceanFirst.

---

[1] As explained in *Consumers Produce Co. v. Fredricktown Produce Co.*, 2015 U.S. Dist. LEXIS 19869 (W.D. Pa. Feb. 19, 2015) and other cases, there are factual issues to be resolved before I can opine on whether OceanFirst or the PACA trust (if established) has priority to the proceeds of this litigation. Thus, I have reached out to OceanFirst and alleged PACA claimants to provide me with the support for the claims and the priority that each asserts in and to the Company's assets.

Honorable Karen M. Williams, U.S.M.J.
December 9, 2019
Page 2

Further, OceanFirst does not argue that the fees billed by the Cozen firm are unreasonable or were for services that were unnecessary in prosecuting the Company's claims. The Cozen firm is currently owed $168,077.35 but has agreed to continue its representation if it receives a partial payment of $95,000 at this time. The Cozen firm is not waiving its right to seek the remaining fees owed, which is eminently reasonable for any law firm.

OceanFirst also queries whether I have asked any other interested party to come out of pocket to fund the litigation. The simple answer is no, and I have not asked OceanFirst to do so either. Instead, I have asked for authorization to make the payment from the funds that I receive. Further, if OceanFirst were to have first priority to the proceeds of the litigation, as it argues, why would another party fund the costs of recovery to OceanFirst? As I advised OceanFirst, the proceeds of the litigation, when realized, will be distributed in accordance with the rights and priorities established in this action. I have attached a proposed form of order that includes such relief.

OceanFirst also appears to be seeking relief from this Court without complying with D.N.J. L. Civ. R. 7.1 on matters beyond the scope of the Motion and that are not before this Court at this time.

At the same time, OceanFirst remains in contempt of the Receivership Order. The Company maintains one or more accounts at OceanFirst with significant balances. In accordance with paragraph 9 of the Receivership Order, I demanded that OceanFirst remit those funds to me. Yet, OceanFirst willfully ignored that demand and advised that it had the discretion not to comply with this Court's direction.

Further, as explained in *In re Kornblum & Co.*, 81 F.3d 280 (2d Cir. 1996) and other cases, there exists a dispute concerning whether any liens held by OceanFirst on the Company's bank accounts (and all other assets) are superior to the PACA trust claims. Again, I have sought information from all parties to analyze the issue. Again, this Court has not made any determination on the issue.

Notwithstanding the foregoing, the attached proposed order should alleviate all of the concerns raised by OceanFirst. Therefore, I respectfully request that this Court overrule the Objection and enter the attached proposed order. I have reached out to OceanFirst to obtain its consent to the attached order. As of this letter, I have not received a response.

I thank Your Honor for your consideration in this matter.

Respectfully submitted,

Jonathan Bodner
For the Firm

Attachment
cc:   Harry M. Gutfleish, Esq., counsel to the Receiver
      Joseph M. Garemore, Esq., counsel to OceanFirst Bank, N.A.
      Nancy Isaacson, Esq., counsel to Southern Sun, LLC, et al.
      Robert Goldman, Eqs., counsel to Nanak Produce & Marketing Inc., et al.
      All parties receiving ECF notice

# [ATTACHMENT]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

| | |
|---|---|
| NANAK PRODUCE & MARKETING, INC., | ) Civil Action |
| Plaintiff, | ) Case # 1:18-cv-15448-JHR-KMW |
| vs. | ) |
| SOUTHERN SUN, LLC., and PAUL G. ROSS, | ) |
| Defendants. | ) |

## ORDER ON COZEN O'CONNOR MOTION AND SUPPLEMENTING ORDER APPOINTING RECEIVER

THIS MATTER, having come before the Court on the motion (the "Motion") filed by Jonathan S. Bodner, in his capacity as the receiver (the "Receiver") for Southern Sun, LLC ("Southern Sun") to pay $95,000 to Cozen O'Connor in connection with the litigation discussed therein [docket number 97], and the letter objection filed on behalf of OceanFirst Bank, N.A. ("OceanFirst") [docket number 100]; and the Court having reviewed the parties' submissions and arguments; and the Court having been advised that the Receiver and OceanFirst consent to the entry of this Order; and for good cause shown for the entry of this Order and for supplementing the Court's Order of October 17, 2019 [docket number 94], the Court **ORDERS** that:

1. The Motion is granted in all respects, the Receiver is authorized but not directed to pay $95,000 to Cozen O'Connor. The Receiver may file subsequent requests for authorization to make further payments to Cozen O'Connor as circumstances warrant, and all rights of interested parties to object thereto are preserved.

2. The Court reserves for another day any determination regarding the rights or claims of Southern Sun, OceanFirst or other interested parties to (a) the proceeds of the litigation

1

handled by Cozen O'Connor, (b) Southern Sun's accounts receivable, or (c) any other Southern Sun asset that the Receiver recovers or liquidates.

3. Except for the payments authorized herein, the Receiver shall seek authorization from the Court, on notice to all creditors or as the Court otherwise directs, prior to disbursing any funds that he collects from any source.

4. OceanFirst shall immediately turnover to the Receiver all funds on deposit in accounts maintained in Southern Sun's name, provided that (a) OceanFirst preserves all rights to and liens on such funds as existed as of the date hereof, and (b) the rights of the Receiver and all other interested parties to contest any liens or claims that OceanFirst asserts are preserved.

5. The Receiver shall (a) investigate the claims asserted against Southern Sun, including but not limited to those asserted by OceanFirst and by vendors to Southern Sun that allege that they hold claims that may be protected by a trust imposed under the Perishable Agricultural Commodities Act of 1934, as amended, 7 U.S.C. § 499a et seq. ("PACA"), (b) all interested parties are hereby directed to cooperate with the Receiver, (c) at the appropriate time, the Receiver shall submit his factual and legal determinations to the Court for the Court's approval on notice to all creditors, who shall have the opportunity to respond thereto, and (d) if appropriate, the Receiver may submit with his determinations a proposed plan for distributing the funds collected by him.

6. Any interested party may seek relief from this Order or the Order of October 17, 2019 by following a request for relief in accordance with all applicable Rules of the Court.

 

_____
HONORABLE JOSEPH H. RODRIGUEZ, USDJ